UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nathan Christopher Braun, | Case No. 24-cv-3596 (JRT/TNL) |
| Plaintiff, | |
| v. | ORDER |
| State of Minnesota, Benton County, Jeffrey R. Raupp, Kathleen Reuter, Dan Miller, Sam Dougless, Hanna M. Efferfield, Alexandra Kosiba, and Jaqueline Cross, | |
| Defendants. | |

This action is before the Court on Plaintiff Nathan Christopher Braun's (1) opening pleading [ECF No. 1 ("Complaint")], (2) Application to Proceed in District Court Without Prepaying Fees [ECF No. 3 ("IFP Application")], and (3) Motion for Assistance of Counsel [ECF No. 5 ("Counsel Motion")]. For the following reasons, the Court recommends dismissing this action as frivolous and denying the IFP Application and Counsel Motion as moot.

In August 2016, authorities in Minnesota's Benton County charged Braun with third-degree criminal sexual conduct. *See* Compl. 1, *State v. Braun*, No. 05-CR-16-1323 (Minn. Dist. Ct. Aug. 3, 2016). A Benton County jury convicted him in July 2017. *See* Verdict Form 1, *State v. Braun*, No. 05-CR-16-1323 (Minn. Dist. Ct. July 31, 2017). The trial court later sentenced Braun to 91 months imprisonment. *See* Order and Warrant of Commitment 1, *State v. Braun*, No. 05-CR-16-1323 (Minn. Dist. Ct. Sept. 6, 2017).

Authorities apparently released Braun at some point, but the Complaint notes "[r]evocation [p]roceedings" that occurred in August 2024. Compl. 6. Braun is currently incarcerated at the Minnesota Correctional Facility–Stillwater ("MCF-Stillwater"). *See* Docket.

The Court received the Complaint on September 26, 2024. *See* Docket. Its nine defendants include Benton County, the State of Minnesota, the presiding criminal-trial judge, attorneys involved in his criminal case (including county attorneys and at least one of Braun's own former attorneys), the victim of Braun's misconduct, and Alexandra Kosiba and Jaqueline Cross, who were apparently witnesses at his trial. *See* Compl. 1–3, 6; Register of Actions, *State v. Braun*, No. 05-CR-16-1323 (Minn. Dist. Ct.). The action's thrust is that Braun is innocent and that Defendants' conduct unconstitutionally led to his unjust prosecution and conviction. *See* Compl. 1–7. He seeks monetary damages and declaratory and injunctive relief. *See id.* at 5–7.

Rather than pay this action's filing fee, Braun submitted the IFP Application. That filing suggests that as a financial matter, Braun likely qualifies for *in forma pauperis* ("IFP") status. Furthermore, under the federal statute governing IFP proceedings, a prisoner-litigant must generally pay an initial partial filing fee based on financial information concerning the prisoner's trust-fund account. *See* 28 U.S.C. § 1915(b)(1). Braun claims that he has been unable to get the necessary information from prison authorities. *See* Aff. of Pl. 1 [ECF No. 4]. Given this difficulty, the Court will treat Braun as a "plaintiff [with] no assets and no means by which to pay the initial partial filing fee," thereby letting this action proceed notwithstanding Braun's failure to submit an initial partial filing fee. 28 U.S.C. § 1915(b)(4).

Under 28 U.S.C. § 1915(e)(2), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss [a case proceeding IFP] at any time if the court determines that . . . the action . . . is frivolous . . . ." A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also, e.g.*, *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (citing *Neitzke*). A claim lacks an arguable basis in law if it relies on an "inarguable legal conclusion." *Neitzke*, 490 U.S. at 325; *see also, e.g.*, *McCullough v. Horton*, 69 F.3d 918, 919 (8th Cir. 1995) (stating that a matter is legally frivolous if "based on an indisputably meritless legal theory" (quoting *Neitzke*, 490 U.S. at 327)).

Braun's claims are frivolous due to the well-established "favorable termination" requirement of *Heck v. Humphrey*, 512 U.S. 477 (1994). This requirement states that "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87; *see also, e.g.*, *Mitchell v. Kirchmeier*, 28 F.4th 888, 895 (8th Cir. 2022) (quoting *Heck*). While *Heck* itself concerned damages claims, later caselaw extends its rule to claims for equitable relief as well. *See, e.g.*, *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief) . . . —*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."

3

(emphasis in original)); *Evenstad v. Schnell*, No. 20-CV-1464 (WMW/DTS), 2022 WL 617598, at *14 (D. Minn. Jan. 13, 2022) (quoting *Wilkinson*), *report and recommendation adopted*, 2022 WL 616962 (D. Minn. Mar. 2, 2022).

Nothing in the Complaint suggests a favorable termination of the charges underlying Braun's confinement, so the Court cannot address his claims. The Court therefore recommends dismissing this action as frivolous (without prejudice, in case Braun can later meet the favorable-termination requirement). Given this recommendation, the Court further recommends denying the IFP Application and Counsel Motion as moot. Braun is also responsible for this action's filing fee under 28 U.S.C. § 1915(b)(1). The Court therefore also recommends informing authorities at MCF-Stillwater of this obligation, and authorizing them to remit monies from Braun's trust-fund in accordance with § 1915(b)(2) to pay this action's filing fee.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This action be **DISMISSED WITHOUT PREJUDICE** as frivolous under 28 U.S.C. § 1915(e)(2) and the favorable-termination requirement of *Heck v. Humphrey*, 512 U.S. 477 (1994).

2. Plaintiff Nathan Christopher Braun's Application to Proceed in District Court Without Prepaying Fees [ECF No. 3] and Motion for Assistance of Counsel [ECF No. 5] be **DENIED** as moot.

3. The institution having custody of Braun (currently the Minnesota Correctional Facility–Stillwater) be **DIRECTED** to collect and remit monthly payments from him for this action's filing fee in the manner set forth in 28 U.S.C. § 1915(b)(2).

Dated: October 24, 2024            *s/Tony N. Leung*

                                       _____
                                       Tony N. Leung
                                       United States Magistrate Judge

                                       *Braun v. State of Minnesota*
                                       Case No. 24-cv-3596 (JRT/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).