UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| NATHAN CHRISTOPHER BRAUN, | Case No. 24-cv-3596 (LMP/TNL) |
| Plaintiff, | |
| v. | |
| STATE OF MINNESOTA, BENTON COUNTY, JEFFREY R. RAUPP, KATHLEEN REUTER, DAN MILLER, SAM DOUGLESS, HANNA M. EFFERFIELD, ALEXANDRA KOSIBA, and JAQUELINE CROSS, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Defendants. | |

This matter is before the Court on the October 24, 2024 Report and Recommendation ("R&R") of United States Magistrate Judge Tony N. Leung, which recommends dismissing without prejudice Plaintiff Nathan Christopher Braun's ("Braun") action (ECF No. 7) brought under 42 U.S.C. § 1983. The R&R also recommends denying Braun's Application to Proceed without Prepaying Fees or Costs (ECF No. 3 ("IFP Application")) and Motion for Appointment of Counsel (ECF No. 5), and directing the institution where Braun is incarcerated to collect and remit monthly payments from him for this action's filing fee in the manner set forth in 28 U.S.C. § 1915(b)(2). *See* ECF No. 7 at 4. Braun objected to the R&R (ECF No. 9), so this Court reviews the R&R's conclusions de novo, Fed. R. Civ. P. 72(b)(3).

## FACTUAL BACKGROUND

In July 2017, Braun was convicted of third-degree criminal sexual conduct in Minnesota state court and sentenced to ninety-one months' imprisonment. *See State v. Braun*, No. 05-cr-16-1323, Index No. 54, 60 (Minn. Dist. Ct. July 31, 2017). Braun's conviction was affirmed on direct appeal and has been repeatedly upheld under collateral review. *See, e.g.*, *State v. Braun*, No. A17-1889, 2018 WL 4201208, at *5 (Minn. Ct. App. Sept. 4, 2018) (affirming conviction on direct appeal); *Braun v. State*, No. A19-0924, 2020 WL 994759, at *1 (Minn. Ct. App. Mar. 2, 2020) (affirming denial of petition for postconviction relief); *Braun v. State*, No. A20-1407, 2021 WL 3136497, at *2 (Minn. Ct. App. Jul. 19, 2021) (same); *Braun v. Schnell*, No. 21-cv-2561 (PJS/ECW), 2022 WL 17543016, at *1 (D. Minn. Dec. 8, 2022) (denying petition for a writ of habeas corpus). Braun is currently incarcerated at the Minnesota Correctional Facility–Stillwater. *See* ECF No. 1 at 7.

On September 9, 2024, Braun brought this action pursuant to 42 U.S.C. § 1983 against Benton County, the State of Minnesota, the district court judge who presided over his criminal case, attorneys involved in his criminal case (including county attorneys and at least one of Braun's own former attorneys), the victim of Braun's crime, and Alexandra Kosiba and Jaqueline Cross, who were witnesses at his trial. *See* ECF No. 1 at 1–3; *see also Braun*, 2018 WL 4201208, at *2. The gist of Braun's complaint is that he is innocent, and that Defendants' conduct resulted in his unconstitutional conviction. *See generally* ECF No. 1 at 1–7. Braun seeks monetary, declaratory, and injunctive relief. *Id.* at 5–7.

## ANALYSIS

In lieu of paying this action's filing fee, Braun submitted an IFP Application, which indicates that Braun is financially eligible to proceed in forma pauperis ("IFP"). *See* ECF No. 3. But a court must dismiss an action when an IFP applicant has filed a complaint that is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). A frivolous claim "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Braun's Section 1983 action seeks monetary damages, as well as declaratory and injunctive relief, for his allegedly unconstitutional conviction and imprisonment. But to recover damages for an allegedly unconstitutional conviction or imprisonment, a Section 1983 plaintiff must prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). This "favorable-termination" rule—as it is called—also applies to Section 1983 claims seeking equitable relief "if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

Here, Braun necessarily seeks to "demonstrate the invalidity of [his] confinement" because he asks the Court to determine that he is innocent and was wrongfully convicted in violation of his constitutional rights. ECF No. 1 at 5–7. Therefore, Braun must satisfy *Heck*'s favorable-termination rule. This he cannot do: Braun's conviction has never been reversed on appeal, expunged, declared invalid, or called into question by a federal court's

3

issuance of a writ of habeas corpus. Quite the opposite: Braun's conviction has been upheld repeatedly.

To be sure, Braun vigorously maintains his innocence. *See* ECF No. 9. This is not enough. Until that claim of innocence is vindicated by a favorable termination of his conviction, *Heck* bars Braun from asserting his Section 1983 claims. Because Braun's complaint "lacks an arguable basis either in law or fact" and "fails to state a claim on which relief may be granted," the Court adopts the R&R's recommendation to dismiss Braun's complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B). *See Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (explaining that dismissal of *Heck*-barred claim should be without prejudice so plaintiff can refile if he satisfies *Heck*'s favorable-termination requirement). And because the Court dismisses Braun's complaint, Braun's IFP Application (ECF No. 3) and Motion for Appointment of Counsel (ECF No. 5) are denied as moot.

## ORDER

Based upon all the files, records, and proceedings in the above-captioned matter, **IT IS HEREBY ORDERED THAT**:

1. The Report and Recommendation (ECF No. 7) is **ADOPTED IN FULL**.

2. The Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2).

3. The IFP Application (ECF No. 3) and the Motion for Appointment of Counsel (ECF No. 5) are **DENIED AS MOOT**.

4. The institution having custody of Braun is directed to collect and remit monthly payments to the Court in the manner set forth in 28 U.S.C. § 1915(b)(2) until the $350.00 filing fee is paid in full.  Braun is obligated to pay, and the institution having custody of him is obligated to forward, 20 percent of the preceding month's income credited to Braun's institutional account each time the amount in the account exceeds $10.00.

5. The Clerk of Court is **ORDERED** to send notice of Braun's payment obligations to the institution where Braun is incarcerated.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 25, 2024              *s/Laura M. Provinzino*
                                      Laura M. Provinzino
                                      United States District Judge